UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-477-RJC-DCK

| TIMOTHY GRIFFIN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MAXIMUS INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint. [Doc. 6]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

I. BACKGROUND

On September 14, 2022, the pro se Plaintiff filed the instant case alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. [Doc. 1]. Before the Complaint was reviewed for frivolity, the Plaintiff attempted to amend the Complaint in a piecemeal fashion, which was denied, and the Plaintiff was granted the opportunity to amend. [See Doc. 5]. The Amended Complaint [Doc. 6] is now before the Court for initial review.

The Plaintiff names as the Defendant Maximus Inc., which appears to have its principal place of business in McLean, Virginia. [Id. at 3]. The Plaintiff claims that he was hired to work in its Sandy, Utah location in 2019, and continued to work there until that location closed; and he appears to claim that he now works for Maximus remotely from Charlotte.[1] [Id. at 3-4, 8; see Doc.

---

[1] The Plaintiff appears to assert that this Court has venue pursuant to 42 U.S.C. § 2000e-5(f)(3) because he presently teleworks from Charlotte, and Maximus' acts are continuing. [See Doc. 6 at 5. Cf. id. at 4 (describing his "Place of Employment" as Salt Lake County, Utah)].

8

2 at 2]. He alleges discrimination based on his race (Black), gender/sex and sexual orientation (heterosexual male). [Doc. 6 at 5]. He appears to assert claims of failure to hire, failure to promote, harassment, and retaliation which, he claims, are ongoing. [Id. at 4-5]. He seeks $250,000 in damages, attorney's fees,[2] and injunctive relief.[3] [Id. at 8].

## II. STANDARD OF REVIEW

Where a plaintiff is proceeding in forma pauperis, the Court must review a complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action;" it must state a plausible claim for relief. Twombly, 550 U.S. at 555. A pro se complaint must be construed

---

[2] It is unclear why the Plaintiff is seeking attorney's fees, as he is presently unrepresented.

[3] The Plaintiff seeks "properly administered paternity tests for his child support cases..." because he would be making $100,000 or more per year "if [his] real estate license hadn't been taken because of the frivolous child support that Maximus collects on…." [Doc. 6 at 8].

8

liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

**1. Discrimination**

Title VII prohibits an employer from discriminating against any individual because of such individual's "race, color, religion, sex or national origin…." 42 U.S.C. § 2000e-2(a). The elements of a Title VII discrimination claim are: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Perkins v. Int'l Paper Co., 936 F.3d 196, 207 (4th Cir. 2019) (citing Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)). Constructive discharge may constitute an adverse employment action under Title VII. See EEOC v. Consol Energy, Inc., 860 F.3d 131, 143 (4th Cir. 2017); Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 244 (4th Cir. 1997) (to prove constructive discharge under Title VII, a plaintiff must show that the employer's actions were deliberate, and that the working conditions were intolerable).

The Plaintiff claims that he has "reason to believe" that, because he is a Black heterosexual male, he has been subjected to discrimination and harassment "[in] the form of unwarranted warnings, frivolous write-ups and bogus complaints." [Doc. 6 at 6]. The Plaintiff recounts a number of bizarre incidents of alleged discrimination, including that:[4] a coworker repeatedly

---

[4] The Court will not attempt to recount each individual act alleged in the Complaint.

cleared his throat near Plaintiff, which was "torture[] and sexual[] harass[ment]"[5] [id. at 6, 9, 15-16]; the Plaintiff's supervisor sent the Plaintiff a total of 5 electronic notes referring to the Plaintiff as "her" and "she" in order to "heckle [the Plaintiff] and belittle this case" [id.]; a supervisor "touched [Plaintiff's] butt as Plaintiff reached for the door," but the Plaintiff did not report the incident [id. at 6, 10]; a female janitor told the Plaintiff that the bathroom was closed, whereas the janitor had allowed other employees to go into the restroom, and "Spanish" janitors filed bogus complaints about Plaintiff[6] [id. at 10, 19]; "the men [Plaintiff] works with are racists [and] have no penis," and they wanted to steal Plaintiff's penis because "he is black anyway, so it doesn't matter" [id. at 15]; a male supervisor who "seemed gay" required the Plaintiff to leave his lunch in his desk, locker, or in the refrigerator due to a security policy and when the Plaintiff refused, he was "written up for not complying" [id. at 18]; the Plaintiff "feel[s] like they were trying to put something into [his] food" [id.]; and the Plaintiff arrives to work early, but was told that he is not allowed to clock in before his shift starts, so he is owed overtime pay [id. at 18-19].

The Plaintiff has failed to allege facts supporting satisfactory work performance, an adverse employment action, or different treatment from similarly situated employees outside the protected class. He has, therefore, failed to state a claim for discrimination.

**2.      Failure to Hire**

To establish a case for discriminatory failure to hire, a plaintiff must show that: (1) he belonged to a protected class; (2) he applied for, and was qualified for, a job for which the employer

---

[5] The Plaintiff rejects Maximus' explanation that the employee's throat clearing was due to a recent COVID-19 infection. [Doc. 6 at 9].

[6] The Plaintiff admits that he said "yuk" when a certain female janitor walked by to "defend [him]self" from her. [Doc. 6 at 10].

8

was seeking applicants; (3) he was rejected despite his qualifications; and (4) after his rejection, the position remained open and the employer continued to seek similarly-qualified applicants, or filled the position with an applicant outside the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 (4th Cir. 2001).

The Plaintiff claims "failure to hire" without providing any factual allegations to support a failure to hire claim. [Doc. 6 at 5-6]. Further, this claim necessarily fails because the Plaintiff was, in fact, hired by the Defendant and he remains employed there. This claim is therefore dismissed.

### 3. Failure to Promote

A claim for discriminatory failure to promote under Title VII and the ADA requires a plaintiff to prove that: (1) he is a member of a protected group; (2) he applied for the position at issue; (3) he was qualified for the position; and (4) the delay occurred under circumstances giving rise to an inference of unlawful discrimination. See Lyons v. City of Alexandria, 35 F.4th 285, 289 (4th Cir. 2022) (citing Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998)).

The Plaintiff claims that he applied for over 80 jobs, some of which were entry-level, because Maximus had already discriminated against him based on race, sex, or sexual orientation. [Doc. 6 at 11-12]. He claims that: he was subjected to discriminatory write-ups and complaints that were meant to sabotage his career advancement [id. at 8, 12]; he has applied for other positions but he was not interviewed or hired for them, even though they are entry-level positions and he has associate's, bachelor's, and master's degrees [id. at 6, 8]; someone applied for a bilingual job in the Plaintiff's name, and the Plaintiff is not bilingual [id. at 11]. The Plaintiff admits that he applied "indiscriminately" to a number of positions and that his resume "needs work," and he also

appears to acknowledge that he was disciplined for saying "yuk" to a janitor, and for refusing to comply with company policies [id. at 10, 12, 17-18].

The Plaintiff has failed to plausibly allege that he was qualified for the positions at issue, or that the failure to promote him occurred under circumstances giving rise to an inference of unlawful discrimination. Therefore, his claim for failure to promote is dismissed.

**4.    Harassment**

To state a claim of unlawful harassment under Title VII, a plaintiff must prove that the harassment creates an objectively hostile or abusive work environment and that the putative victim subjectively perceives the environment to be abusive. See Conner v. Schrader–Bridgeport Int'l, Inc., 227 F.3d 179, 192 (4th Cir. 2000). To demonstrate sexual harassment and/or a racially hostile work environment, a plaintiff must show that: (1) there is unwelcome conduct; (2) that is based on the plaintiff's sex and/or race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. Id.

The Plaintiff claims that: the coworker who cleared his throat near the Plaintiff was sexually harassing him [Doc. 6 at 6, 15-16]; the janitor who told him he could not use the bathroom while she was cleaning it, and those who filed bogus complaints about him are "Spanish" [id. at 10, 19]; the supervisors who enforced policies against him were "Spanish," "seemed gay," or both, and did so to harass him [id. at 17-18]; and the men who were trying to steal the Plaintiff's penis justified it in their minds because the Plaintiff is Black [id. at 15-16].

These frivolous allegations fail to demonstrate the existence of any of the elements of a hostile work environment claim. This claim is therefore dismissed.

8

5. **Retaliation**

The elements of a retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004); see Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006) (the employment action must be "materially adverse").

The Plaintiff appears to claim that: a few days after he filed his a charge of discrimination with the Utah Labor Commission's Anti-Discrimination Division, he was moved to a desk near a coworker who is disruptively loud, and who used a standing desk so that she was "watching [his] every move" [Doc. 6 at 6, 16]; another coworker was moved near him who would show everyone his monkey keychain that makes a noise at the push of a button [id. at 17]; and the Plaintiff's "vacation time was taken but, ([he] believe[s]) returned after extensive argument" [id. at 17].

The Plaintiff has failed to identify any adverse employment action, or a causal link between his discrimination charge and the allegedly adverse action. Accordingly, this claim is dismissed.

6. **Miscellaneous Claims**

The Plaintiff makes a number of allegations about "criminal and identity theft aspects that tie into" his employment discrimination case. [Doc. 6 at 6]. He claims *inter alia* that: Maximus employees might have opened a bank account in the Plaintiff's name so they can steal his identity [id. at 13]; Maximus is collecting frivolous child support payments without investigating the paternity claims, and this caused the Plaintiff to lose his real estate license which deprived him of hundreds of thousands of dollars of income [id.]; a Maximus employee who tried to "radicalize" the Plaintiff was somehow involved in tampering with the Plaintiff's storage locker [id. at 13-14];

8

it is possible that Maximus employees are entering his apartment to tamper with his home security cameras, laundry, microwave, smoke detectors, and food [id. at 14-15]; Maximus employees "have been cyber and other stalking [Plaintiff] in an effort (among other things) to either keep [Plaintiff's] identity stolen and [Plaintiff] enslaved, or to kill [him] and keep whatever they could" [id. at 15]; and "little to no ultraviolet light enters [Plaintiff's] head," which is keeping him enslaved [id. at 16].

These claims are not cognizable in the instant Title VII employment case and are dismissed.

Further, the Plaintiff's bizarre filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Accordingly, this action is dismissed without further leave to amend, as it is clear that no amendment would cure the deficiencies noted herein. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

### IV. CONCLUSION

The Amended Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 6] is **DISMISSED**

8

**WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(i)-(ii).

The Clerk is instructed to close this case.

Signed: November 15, 2022

Robert J. Conrad, Jr.
United States District Judge